**UNITED STATES of America,**
**Plaintiff,**

v.

**ATLANTIC RICHFIELD COMPANY and**
**Sinclair Oil Corporation, Defendants.**

**Civ. A. No. 69 Civ. 162.**

United States District Court
S. D. New York.

March 4, 1969.

See also D.C., 297 F.Supp. 1060.

MEMORANDUM

FREDERICK van PELT BRYAN,
District Judge:

In my opinion herein of February 17, 1969, I held that the Government had shown reasonable probability that it would succeed at trial on the issue of probable substantial lessening of competition in the Southeastern section of the country as a result of the proposed merger. This was the ground on which I granted the Government's motion for a preliminary injunction restraining defendants from carrying out the proposed merger pending the final determination of the action. The parties were directed to settle an order on five days notice.

Thereafter, the defendants agreed that, simultaneously with the proposed merger, Atlantic Richfield would sell to British Petroleum not only the Sinclair marketing properties in the Northeastern States but also the Sinclair marketing properties in the Southeastern States. Defendants then moved to vacate the preliminary injunction granted in my opinion, on the ground that such change in circumstances rendered continuation of the preliminary injunction unjust and inequitable. In the meantime, the Government had submitted a proposed order for settlement.

On March 4, 1969 I approved a stipulation entered into by the parties which recited the change in circumstances referred to above. By its terms Atlantic Richfield agreed that, during the pendency of this litigation, it would act in good faith to preserve its ability to comply with an ultimate divestiture order in this case. Atlantic Richfield also agreed to conditions there specified with relation to Sinclair marketing properties acquired by it in the proposed merger. The stipulation further provided that the Government did not oppose defendants' application to vacate the preliminary injunction.

The sale of the Sinclair marketing properties in the Southeast to British Petroleum eliminates the probability that the Government will succeed at trial on the issue of probable lessening of competition in that section as a result of the merger. The Government's probability of success on this issue was the basis on which preliminary injunctive relief was granted. There is thus no longer any basis for granting preliminary injunctive relief against the consummation of the proposed merger.

Therefore, defendants' motion to vacate the preliminary injunction granted in my opinion of February 17, 1969 is granted, without opposition, and such injunction is hereby vacated. The proposed order submitted for settlement by the Government will not be signed.